NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4563
_____

UNITED STATES OF AMERICA

v.

PAUL F. DSCHUHAN,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-11-cr-00106-001)
District Judge: Honorable David S. Cercone

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 17, 2013

Before: JORDAN, VANASKIE, and VAN ANTWERPEN, *Circuit Judges*

(Filed: March 4, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Paul Dschuhan ("Dschuhan") pleaded guilty to one count of interference with

commerce by threats or violence in violation of 18 U.S.C. § 1951. The United States

District Court for the Western District of Pennsylvania sentenced him to 27 months'

imprisonment, followed by 2 years of supervised release. Dschuhan filed a timely *pro se* notice of appeal. We appointed counsel, who subsequently moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Dschuhan filed a *pro se* brief in response. For the reasons that follow, we will affirm the judgment and sentence of the District Court and grant the motion to withdraw.

I.

In March 2010, Dschuhan, a parole agent for the Pennsylvania Board of Probation and Parole, approached his parolee to burglarize the home of an alleged drug dealer, turn over the cash proceeds to Dschuhan, and keep or re-sell any contraband obtained in the burglary. Dschuhan threatened the parolee with the possibility of jail if he did not cooperate. The parolee relayed Dschuhan's plan and threats to an FBI agent, who over the following months monitored dozens of communications between the parolee and Dschuhan. Eventually, in accord with the FBI's instructions, the parolee pretended to commit the planned burglary and delivered approximately $3,000 in cash to Dschuhan, whom the FBI then arrested. After Dschuhan made a full confession regarding his involvement in the plot, he was charged by information with one count of interference with commerce by threats or violence in violation of 18 U.S.C. § 1951.

On June 8, 2011, Dschuhan waived indictment and entered a plea of guilty to the information without a plea agreement. The Presentence Report (PSR), as modified by an addendum, cited U.S.S.G. § 2C1.1, which provides the base offense level for several

2

crimes including extortion under color of official right.[1]  Here, because the extortion was committed in furtherance of a burglary of a residence, the appropriate cross-reference was to § 2B2.1(a)(1), which prescribes a base offense level of 17.  The base offense level was increased by 1 because the burglary involved a loss of between $2,500 and $10,000, and by another level because it involved the taking of a controlled substance, both of which are "specific offense characteristics" under § 2B2.1(b).  The PSR also recommended a 2-level increase for "abuse of trust" under § 3B1.3 and a 3-level decrease for timely acceptance of responsibility under § 3E1.1.  These calculations resulted in a total offense level of 18, a Guideline imprisonment range of 27 to 33 months, and a period of supervised release of up to three years.

At sentencing on December 12, 2011, the District Court adopted these calculations and noted that Dschuhan did not move for further departures.  After hearing from witnesses, Dschuhan's attorney, and counsel for the Government, the District Court considered the factors set forth in 18 U.S.C. § 3553(a) and made an individualized assessment of Dschuhan's circumstances.  The District Court then imposed a sentence of 27 months' imprisonment and two years of supervised release.

II.

---

[1] Because Dschuhan was a public official, this resulted in a base offense level of 14.  Section 2C1.1, however, includes a "cross reference", which provides for a substitution of a higher offense level where (1) the extortion occurred in furtherance of another criminal offense, and (2) the base offense level for conspiracy to commit that separate offense would be higher than the base offense level prescribed by § 2C1.1 itself (*i.e.,* higher than 14).

The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Counsel may seek to withdraw from representation if, "after a conscientious examination" of the record, *Anders*, 386 U.S. at 744, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). If we concur with this assessment, we "will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.*

When presented with an *Anders* brief, our inquiry is two-fold: "(1) whether counsel adequately fulfilled [Third Circuit L.A.R. 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). The *Anders* brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and also "explain why the issues are frivolous." *Id.* While "[c]ounsel need not raise and reject every possible claim . . . at a minimum, he or she must meet the 'conscientious examination' standard" from *Anders*. *Id.* If we find that "the *Anders* brief initially appears adequate on its face," in the second step of our analysis we will "confine our scrutiny to those portions of the record identified by . . . [the] *Anders* brief," as well as "those issues raised in Appellant's *pro se* brief." *Id.* at 301.

### III.

Counsel's *Anders* brief demonstrates that the requirements of our Local Rule 109.2(a) have been fulfilled, thus satisfying step one of *Youla*. The brief reflects a thorough examination of the record, helpfully directing our attention to possible

4

appealable issues and applicable portions of the record. Counsel correctly found no appealable issues with regard to Dschuhan's guilty plea or sentencing. Therefore, we turn our attention to step two, and our independent review of the record, taking guidance from the *Anders* briefing.

Dschuhan has filed a *pro se* brief raising only ineffective-assistance-of-counsel arguments. "[C]laims of ineffective assistance of counsel are ordinarily not cognizable on direct appeal. The proper mechanism for challenging the efficacy of counsel is through a motion pursuant to 28 U.S.C. § 2255." *United States v. Tobin*, 155 F.3d 636, 643 (3d Cir. 1998) (citation omitted). Thus, Dschuhan's arguments here are not cognizable and do not present non-frivolous grounds for appeal.

## IV.

In conclusion, we find that counsel's *Anders* brief reflects a conscientious examination of the record. Our independent review of the submissions, including Dschuhan's brief and the Government's response to it, confirms that there are no non-frivolous grounds for appeal. We will affirm the judgment of conviction and sentence, and grant counsel's motion to withdraw.